IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| JAMES E. BROWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:07cv033 |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) By: | Michael F. Urbanski |
| et al. | ) | United States Magistrate Judge |
| | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned on defendants' motion to dismiss. Defendants Virginia Department of Corrections ("VDOC"), Fred Schilling ("Schilling"), and Glendell Hill ("Hill") move the court to dismiss plaintiff James E. Brown's complaint for insufficient service of process, as service was not made in a timely manner.[1] On May 7, 2008, the undersigned heard argument in this matter and a related motion to quash service. Because Brown requested issuance of the summonses as to Schilling, Johnson and Hill and they were delivered to the Marshal's Service in a timely manner, the undersigned recommends denying the motions to dismiss for insufficient service of process.

Pursuant to Federal Rule of Civil Procedure 4(m), as modified by the January 11, 2008 Order, VDOC, Schilling, and Hill should have been served on or before February 19, 2008.

---

[1] Hill moves the court to dismiss the complaint on three grounds, in addition to insufficient service of process. At this time, the undersigned solely recommends denying the motion to dismiss as it pertains to insufficient service of process. The other grounds will be addressed once Brown has an opportunity to respond to them.

VDOC and Schilling, however, were served on March 11, 2008, and Hill was served on March 10, 2008. The March 10 and 11, 2008 service was executed by the United States Marshal's Service as Brown proceeds *in forma pauperis*. Brown requested the summonses on February 6, 2008, and the Marshal's Service had them by February 12, 2008, well within the time period allowed by Federal Rule of Civil Procedure 4(m), as extended by the court. If service is not made within the relevant time period, Rule 4(m) allows a court to dismiss the complaint without prejudice or "direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). For an extension of time to be granted to plaintiff, he must show good cause for the failure. Id. Here, good cause for the failure exists as Brown requested issuance of the summonses as to Schilling, VDOC and Hill and they were delivered to the Marshal's Service in a timely manner. The timely request and delivery by Brown is sufficient to constitute good cause for the failure to effectuate timely service. Therefore, the undersigned recommends denying the motions to dismiss.

The Clerk is directed immediately to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

2

The Clerk of the Court is directed to send copies of this report and recommendation to the plaintiff and all counsel of record.

Enter this 9th day of May, 2008.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge